**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NORTEK PRODUCTS (TAICANG) LTD., NORTEK PRODUCTS LTD., CUSTOMER CARE LTD., and NORWOOD INDUSTRIES LTD.,** )<br>) )<br>) )<br>) )<br>**Plaintiffs,** )<br>) )<br>**v.** )<br>) )<br>**FNA GROUP, INC. d/b/a O.E.M. INDUSTRIES d/b/a FAIP NORTH AMERICA d/b/a SIMPSON DELCO, FNA IP HOLDINGS, INC.,** )<br>) )<br>**Defendants.** )<br>) | **Case No: 10 C 2813**<br><br>**Magistrate Judge<br>Jeffrey Cole** |

**MEMORANDUM OPINION AND ORDER**

At issue is another motion to dismiss a pleading – this one is Nortek's Motion to Dismiss Counts I, IV, V, VI, VII, and VIII of the defendants' Third Amended Counterclaim. It's the seventh such motion in this case, five of them coming from the Nortek side. Nortek has also filed a complaint and amended it *seven* times. As just mentioned, the pleading targeted by the Nortek side's current motion is – or more accurately was – the FNA side's fourth attempt at a counterclaim. But, with the briefing on the motion to dismiss the third amended counterclaim not even complete, that pleading has been superseded and rendered void by the recently filed *fourth* amended counterclaim. *Pacific Bell Telephone Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 (2009); *Vitrano v. United States*, 643 F.3d 229, 234 (7th Cir. 2011). And, in their motion for leave to file the fourth amended counterclaim, the FNA side hints at an upcoming motion to dismiss the seventh amended complaint.

Given the history of this case, surely the new version of the counterclaim – which adds two

claims – will engender yet another motion to dismiss from the Nortek side. Combining that with the fact that the new counterclaim purportedly addresses some of the concerns raised in the motion to dismiss – the clarity of the breach of contract claim for example – and the fact that the previous counterclaim has been rendered a nullity, resolving the motion to dismiss the prior version of the counterclaim would be a waste of judicial resources. It is, therefore stricken.

This is not, of course the first time a motion to dismiss has been pending when the pleading it targets has been amended and rendered void – or, to use the more classic expression, becomes "*functus officio*." *See e.g., 188 LLC v. Trinity Industries, Inc.,* 300 F.3d 730, 736 (7th Cir.2002); *Nisbet v. Van Tuyl,* 224 F.2d 66, 71 (7th Cir.1955). The usual course would be to strike the motion without prejudice to its refiling. But, there now have been eight versions of the complaint, and five versions of the counterclaim. That, of course, is thirteen pleadings in all. This case has truly gotten out of hand pleading-and-ensuing- motion-to-dismiss-wise, going beyond every reported case in this district that has come before it. The all-time record in this district appears to be nine amended complaints – but that took five years. *See Clark v. Powe*, 2012 WL 10504, *4 (N.D.Ill. 2012) – and five amended counterclaims over the course of three years. *See Servpro Industries, Inc. v. Schmidt*, 1997 WL 361591, *1 (N.D.Ill. 1997). This case is barely two years old; new versions of pleadings are coming at a rate of one every seven weeks.

Clearly, the parties have been more than diligent in adjusting their complaints each time they learn something new in discovery. They certainly cannot be chided for delaying in bringing new facts or claims to the attention of their opponents or the court and nothing in this opinion is intended to be in any way critical of the skilled and highly professional lawyers in the case. But this is far from the only case on the court's calendar and my obligations to them are no less compelling. And every hour needlessly spent on a case is an hour that could have been profitably devoted to other

cases waiting in the queue. *Cf. United States v. Underwood*, 130 F.3d 1225, 1227 (7th Cir. 1997). *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991). *See, e.g., Otto v. Variable Annuity Life Insurance. Co.,* 134 F.3d 841, 854 (7th Cir.1998); *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987).

Given the history of the motion practice thus far, it is appropriate that the Nortek side's motion to dismiss counts I, IV, V, VI, VII, and VIII of the third amended counterclaim [#147] is stricken, as is the motion to dismiss counts XIII and XIV of that same pleading. [#157]. Discovery closes on April 30, 2012. On May 15, 2012, the parties shall both file the *final* versions of their respective pleadings. After all, leave for amendments has already been far more than freely given Any motions to dismiss those pleadings or any portions thereof will be due on May 30th. Response to any such motion will be due June 14th, with replies due June 21st. There will be no extensions of time granted. Memoranda shall not exceed the fifteen-page limit of Local Rule 7.1. No motions for leave to file longer briefs will be entertained. Then, this case can finally leave the pleading stage.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 2/17/12